UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER U.,

                            Plaintiff,

                v.

ANDREW M. SAUL, Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**19-CV-1324F
(consent)**

APPEARANCES:       LAW OFFICES OF KENNETH R. HILLER
                        Attorneys for Plaintiff
                        KENNETH R. HILLER, and
                        JEANNE ELIZABETH MURRAY, of Counsel
                        6000 North Bailey Avenue
                        Suite 1A
                        Amherst, New York  14226

                        JAMES P. KENNEDY, JR.
                        UNITED STATES ATTORNEY
                        Attorney for Defendant
                        Federal Centre
                        138 Delaware Avenue
                        Buffalo, New York  14202
                              and
                        ANNE M. ZIEGLER
                        Special Assistant United States Attorney, of Counsel
                        Social Security Administration
                        Office of General Counsel
                        601 E. 12th Street, Room 965
                        Kansas City, Missouri  64106

## **JURISDICTION**

On October 14, 2020, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 13)   The matter is presently before

the court on motions for judgment on the pleadings filed by Plaintiff on February 14, 2020 (Dkt. 8), and by Defendant on May 13, 2020 (Dkt. 11).

## **BACKGROUND**

Plaintiff Christopher U. ("Plaintiff"), brings this action seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on December 11 and 16, 2015, respectively, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges he became disabled on December 1, 2014, based on left foot, "psyche," headaches, vision, paranoid schizophrenia, post-traumatic stress disorder ("PTSD"), history of left foot fracture, alcohol dependence in full sustained remission, and lower back pain. AR[1] at 211, 213, 233, 237. Plaintiff's applications initially were denied on March 10, 2016, AR at 142-57, and at Plaintiff's timely request, AR at 160-70, on April 12, 2018, a hearing was held in Buffalo, New York before administrative law judge ("ALJ") Bryce Baird ("the ALJ"), AR at 32-74 ("administrative hearing"). Appearing and testifying at the administrative hearing were Plaintiff, represented by Nicholas DiVirgilio, Esq., and vocational expert Rachel A. Duchon ("the VE").

On September 11, 2018, the ALJ denied Plaintiff's claims, AR at 12-31 ("ALJ's decision"), and Plaintiff timely filed a request for review of the ALJ's decision by the Appeals Council. AR at 207-10. On August 6, 2019, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, AR at 1-6, thereby making the ALJ's

---

[1] References to "AR" are to the CM/ECF-generated page number of the Administrative Record Defendant electronically filed on December 16, 2019 (Dkt. 6).

decision the Commissioner's final determination on the claim.  On September 27, 2019, commenced the instant action seeking judicial review of the ALJ's decision.

On February 14, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8-1) ("Plaintiff's Memorandum").  On May 13, 2020, Defendant moved for judgment on the pleadings (Dkt. 11) ("Defendant's Motion"), attaching Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 11-1) ("Defendant's Memorandum").  Filed on June 3, 2020 was Plaintiff's Response to Commissioner's Brief in Response and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.


## **FACTS**[2]

Plaintiff Christopher U. ("Plaintiff"), born July 2, 1985, was 30 years old when he applied for disability benefits on December 11 and 16, 2015, and 33 years old as of September 11, 2018, the date of the ALJ's decision.  AR at 27, 211, 213.  Plaintiff graduated high school where he attended special classes,[3] but has not completed any type of specialized job training or vocational school.  AR at 37-38, 46, 238.  Plaintiff's work history includes in food service at a pizzeria, a temporary worker at a steel plant,

---

[2] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.
[3] At a February 18, 2016 Psychiatric Evaluation, Plaintiff reported he attended regular education classes and has no learning difficulties.  AR at 377.

and as a roofer for a construction company.  AR at 239, 260-61.  Plaintiff last work on December 1, 2014, and asserts he stopped working because of his condition, a broken foot, and lack of work.  AR at 238.

Plaintiff is single, has no children, and lives alone in a mobile home.  AR at 47, 213, 214, 247-48.  Plaintiff can prepare simple meals, clean, vacuum, dust, do dishes, organize his home, grocery shop, and tend to his personal care and grooming.  AR at 247-49.  Plaintiff has not driven since 2012 when Plaintiff lost his license because of alcohol-related driving incidents, AR at 46, but is able to go out by himself and walks, rides a bicycle, rides in a car, and uses public transportation.  AR at 250.  Plaintiff spends his days watching television, occasionally helping his father working with motors in his father's auto mechanic shop where Plaintiff built a minibike, riding his bike and an ATV, kayaking, camping and socializing with his family.  AR at 397.

It is undisputed that Plaintiff has a history of mental health impairments.  From January 15, 2014 to October 6, 2015, Plaintiff was referred to Serenity Counseling where he attended four psychotherapy sessions with licensed mental health counselor Shannon Herr, LMHC, but therapy was discontinued after Plaintiff missed several appointments and was discharged on October 6, 2015, after discontinuing contact.  AR at 417-31.  From May 16, 2016 to December 10, 2017, Plaintiff attended an outpatient mental health program at Lake Shore Behavioral Health ("Lake Shore"), where Plaintiff where was diagnosed with schizophrenia on April 11, 2016, and PTSD on May 5, 2017. AR at 391-415.

In connection with his disability benefits applications, on February 18, 2016, Plaintiff underwent a Psychiatric Evaluation by Gregory Fabiano, Ph.D. ("Dr. Fabiano"),

AR at 377-81, and an Internal Medicine Examination by Samuel Balderman, M.D. ("Dr. Balderman").  AR at 382-85.  On March 7, 2016, state agency psychological consultant D. Bruno, Psy.D. ("Dr. Bruno"), reviewed Plaintiff's medical record and rendered an opinion on Plaintiff's ability to perform work-related activities.  AR at 120-25, 135-37, 386-90.  After the administrative hearing, the ALJ requested another psychiatric and intelligence evaluation, both of which were performed on May 5, 2018, by Christine Ransom, Ph.D. ("Dr. Ransom").  AR at 432-43.

By letter to the ALJ dated April 2, 2018 ("April 2, 2018 letter"), Plaintiff's attorney advised he was awaiting receipt of additional records for the period December 1, 2013 to "present" that were "presumed material" to Plaintiff's disability claim and which had been requested from, *inter alia*, BestSelf Behavioral Health ("BestSelf"),[4] and Erie County Department of Social Services ("DSS").  AR at 298-99.  At the April 12, 2018 administrative hearing, Plaintiff's attorney advised Plaintiff had just provided two letters inadvertently omitted from his medical records, including two letters dated September 18, 2017, and April 9, 2018, from psychiatrist Herman Szymanski, M.D. ("Dr. Szymanski"), who treated Plaintiff at BestSelf, AR at 444-45, and records from Erie County Department of Social Services dated December 1, 2013 to April 6, 2018, AR at 447-73, all of which the ALJ admitted into the administrative record.  AR at 36-37.  On April 17, 2018, following the administrative hearing, the ALJ received from Plaintiff's attorney treatment records pertaining to Plaintiff's treatment at Best Self from March 28, 2016 to March 2, 2018,  AR at 78-114, but declined to admit the BestSelf treatment records into the administrative record because they were neither properly identified in

---

[4] Plaintiff notes that in June 2017, Lake Shore merged with Child & Adolescent Treatment Services to form BestSelf.  Plaintiff's Memorandum at 20 & n. 1.

the April 2, 2018 letter nor timely provided in accordance with the relevant regulations. AR at 15-16.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has

6

instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 58-59 (2d Cir. 2013) (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original). Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B.*, 523 Fed.Appx. at 59 (italics in original).

## 2.    Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The five steps include (1) whether the plaintiff is currently engaged in substantial gainful activity, 20 C.F.R. § 404.1520(b) and § 416.920(b); (2) whether the plaintiff has at least one severe impairment limiting his mental or physical ability to perform basic work activity, 20 C.F.R. § 404.1520(c) and § 416.920(c); (3) whether the plaintiff's severe impairments, considered together, meet or equal a listing in 20 C.F.R. Part 404, Subpt. P, Appendix 1 of the regulations, and meet the duration requirement of at least

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

12 continuous months, 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d), (4) whether the plaintiff, despite his collective impairments, retains the "residual functional capacity ("RFC") to perform his past relevant work ("PRW"), 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and (5) if the plaintiff cannot perform his PRW, whether any work exists in the national economy for which the Plaintiff, given the applicant's age, education, and past work experience, "retains a residual functional capacity to perform. . . ."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI through September 30, 2017, AR at 18, Plaintiff has not engaged in SGA since December 1, 2014, his alleged disability onset date ("DOD"), *id*., and has the severe impairments of schizophrenic disorder, PTSD, and degenerative disc disease of the lumbar spine, *id*., but that Plaintiff's medically determinable impairment of history of alcohol abuse in reported remission is non-severe, *id*., and Plaintiff does not have an impairment or combination of impairments meeting or medically equal in severity to a listed impairment.  AR at 18-19.  The ALJ further found that despite Plaintiff's impairments, Plaintiff retains the RFC for light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can lift, carry, push and pull up to 20 lbs. occasionally and up to 10 lbs. frequently, sit for up to six hours in an 8-hour day, stand and walk for up to six hours in an 8-hour day, frequently climb ramps or stairs,

never climb ladders, ropes or scaffolds, frequently balance, stoop, kneel, and crouch, never crawl, and can have no exposure to hazards such as unprotected heights or moving machinery, and based on his mental impairment, is limited to simple routine tasks that can be learned after a short demonstration or within 30 days, can have no more than superficial interaction with the public and up to occasional interaction with co-workers. *Id*. at 19-25. Plaintiff was unable to perform any PRW but, given Plaintiff's age, high school education, ability to communicate in English, and work experience for which the transferability of skills is not relevant, and RFC is able to perform jobs existing in the national economy including as a cleaner, inspector/packager, and warehouse worker. AR at 25-27. As such, the ALJ found Plaintiff was not disabled as defined under the Act at any time through the date of the ALJ's decision. *Id*. at 27.

In support of his motion, Plaintiff argues the ALJ misapplied the so-called five-day rule and SSR 17-4p,[6] *Titles II and XVI: Responsibility for Developing Written Evidence*, *available at* 2017 WL 4736894 (S.S.A. Oct. 4, 2017) ("SSR-17-4p"), in rejecting medical records proffered after the administrative hearing, particularly medical records for Plaintiff's treatment at BestSelf for treatment dates March 28, 2016 to March 2, 2018, Plaintiff's Memorandum at 14-22; Plaintiff's Reply at 1-3, and improperly weighed treating source opinions from Dr. Szymanski, Plaintiff's treating psychiatrist at BestSelf. Plaintiff's Memorandum at 22-29; Plaintiff's Reply at 3-4. In opposition, Defendant argues the ALJ acted within his discretion in excluding the belatedly proffered evidence from the administrative record, Defendant's Memorandum at 13-16,

---

[6] "SSR" refers to Social Security Rulings which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. § 402.35(b)(1).

and properly weighed the medical opinions of record.  *Id*. at 16-19.  There is no merit to Plaintiff's arguments.[7]

First, the ALJ did not abuse his discretion by declining to admit the belatedly proffered treatment records into the administrative record.  As relevant, the regulations provide that disability benefits claimants "must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence ... no later than 5 business days before the start of the scheduled hearing," 20 C.F.R. § 416.1435(a) ("§ 416.1435(a)"), and the failure to comply with this requirement may result in the ALJ declining to consider such evidence unless one of several exceptions is met.  *Id*.  These exceptions include that the claimant (1) was misled by the SSA; (2) was prevented from informing the SSA about or submitting the evidence because of a physical, mental, educational, or linguistic limitation; or (3) was prevented from timely informing or submitting the evidence to the SSA by some unusual, unexpected, or unavoidable circumstance beyond the claimant's control such as: (i) serious illness preventing the claimant from contacting the SSA; (ii) death or serious illness of an immediate family member; (iii) the destruction or damage by fire or other accidental cause of important records; or (iv) despite actively and diligently seeking such evidence from a source, the evidence was not received or was received fewer than five business days prior to the hearing. 20 C.F.R. § 416.1435(b) ("§ 416.1435(b)").  Here, not only does Plaintiff not deny the excluded medical records were proffered fewer than five days prior to the scheduled administrative hearing in violation of § 416.1435(a), but Plaintiff also fails to assert that such noncompliance is

---

[7] Because Plaintiff's arguments address only his mental health impairments, the court's consideration of the record is similarly limited.

within any of the exceptions under § 416.1435(b); rather, Plaintiff urges this court to make a further exception because he notified the ALJ five days prior to the administrative hearing that he was attempting to obtain such records such that by failing to accept the records after the administrative hearing the administrative record was not complete, triggering the ALJ's duty to develop the record which could have been done by accepting the evidence into the administrative record after the hearing.  Plaintiff's Memorandum at 16-22; Plaintiff's Reply at 5.  In opposition, Defendant argues the ALJ properly determined Plaintiff failed to sufficiently inform the SSA prior to the administrative hearing about the evidence requested from BestSelf because the dates of treatment were not sufficiently specified nor was how the records related to Plaintiff's medical condition explained as required by SSR 17-4p.  Defendant's Memorandum at 13-16.

Although Plaintiff asserts that because the April 2, 2018 letter advised the ALJ that the BestSelf records had been requested, the ALJ should have held the record open until the BestSelf records were received, a plain reading of the April 2, 2018 letter establishes that, as the ALJ found, AR at 15-16, the records were not sufficiently identified particularly with regard to how the proposed evidence was relevant to any issue before the ALJ.  Other than indicating records from BestSelf for "dates of service: 12/01/2013 – present," AR at 298, the April 2, 2018 letter does not explain the nature of the records.  Further, as the ALJ observed, Plaintiff did not commence treatment at BestSelf until 2016.  AR at 40.  The ALJ further stated at the administrative hearing that the April 2, 2018 letter "doesn't provide, as required by the SSR, information specific enough to allow us, meaning the Social Security Administration, to identify the written

evidence and understand how it relates to whether or not the individual is disabled or blind." AR at 40.

Significantly, SSR 17-4p provides, as relevant, that a claimant

must provide information specific enough to identify the evidence (source, location, and dates of treatment) and show that the evidence relates to the individual's medical condition, work activity, job history, medical treatment, or other issues relevant to whether or not the individual is disabled or blind. If the individual does not provide us with information specific enough to allow us to identify the written evidence and understand how it relates to whether or not the individual is disabled or blind, the individual has not informed us about evidence within the meaning of 20 C.F.R. 404.935, 404.1512, 416.912 or 416.1435, *and we will not request that evidence*.

SSR 17-4p, 2017 WL 4736894, at * 3 (italics added).

SSR 17-4p further cautions that

While our regulations state that a claimant must submit or inform us of all written evidence at least 5 business days prior to a hearing, our rules of conduct place additional requirements on representatives. As discussed above, under the rules of conduct, representatives are: (1) [r]equired to act with reasonable promptness to help obtain information or evidence the claimant must submit; (2) required to assist the claimant in complying with our requests for information or evidence as soon as practicable; (3) prohibited from unreasonably delaying or causing a delay of the processing of a claim without good cause; and (4) prohibited from actions or behavior prejudicial to the fair and orderly conduct of administrative proceedings. Therefore, we expect representatives to submit or inform us about written evidence as soon as they obtain or become aware of it. Representatives should not wait until 5 business days before the hearing to submit or inform us about written evidence unless they have compelling reasons for the delay (e.g., it was impractical to submit the evidence earlier because it was difficult to obtain or the representative was not aware of the evidence at an earlier date). *In addition, it is only acceptable for a representative to inform us about evidence without submitting it if the representative shows that, despite good faith efforts, he or she could not obtain the evidence. Simply informing us of the existence of evidence without providing it or waiting until 5 days before a hearing to inform us about or provide evidence when it was otherwise available, may cause unreasonable delay to the processing of the claim, without good cause, and may be prejudicial to the fair and orderly conduct of our administrative proceedings. As such, this behavior could be found to violate our rules of conduct and could lead to sanction proceedings against the representative.*

SSR 17-4p, 2017 WL 4736894, at * 4 (italics added).

Because the April 2, 2018 letter failed both to sufficiently explain how the BestSelf records related to Plaintiff's disability claim, and also failed to show how, despite Plaintiff's attorney's good faith efforts, the records could not be earlier obtained, the ALJ did not err is refusing to admit the belatedly submitted records as evidence in the administrative record.  *See Ashley S. v. Comm'r of Soc. Sec.*, 2021 WL 763725, at ** 4-5 (W.D.N.Y. Feb. 26, 2021) (ALJ did not err by failing to admit into the administrative record medical records of which the ALJ was informed the plaintiff's attorney had requested but for which the attorney failed to show she "actively and diligently" pursued obtaining); *Jason G. v. Saul*, 2021 WL 236036, at * 4 (W.D.N.Y. Jan. 25, 2021) (finding ALJ not required to hold record open until insufficiently identified medical records are submitted).

Not only does Plaintiff fail to point to any case law permitting the ALJ to create an exception beyond those provided by the regulations, the ALJ also is not required to further develop the record in the absence of a gap in the record.  *See Stone v. Commissioner of Social Security*, 767 Fed.Appx. 207, 208 (2d Cir. 2019) (citing *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996) (ALJ required to obtain additional medical records to develop the record only where gaps preclude assessing whether claimant is disabled)).  Moreover, a plain review of the BestSelf records, AR at 75-114, establishes that even if considered, the statements would not warrant a different conclusion regarding the severity of Plaintiff's impairments because, as the ALJ observed, AR at 37, the majority of the records, specifically from May 15, 2016 to December 10, 2017, are duplicates of medical records already in the administrative record.  AR at 391-415. Further, as Defendant argues, Defendant's Memorandum at 15, the belatedly submitted

records document "Plaintiff's complaints of situational stressors," AR at 86-100, indicate Plaintiff was not taking his medications as prescribed and, despite hearing testimony of significant hallucinations, Plaintiff repeatedly denied hallucinations.  AR at 86, 89, 92, 96, and 100.  Accordingly, the ALJ did not err or abuse his discretion in declining to accept the belatedly proffered statements.

Nor is there any merit to Plaintiff's argument, Plaintiff's Memorandum at 22-29; Plaintiff's Reply at 3-4, that the ALJ, by giving more weight to consultative and non-examining opinion evidence than to the opinions of Plaintiff's treating psychiatrist, Dr. Szymanski, failed to properly weigh the medical opinions of record.  As Defendant argues, the ALJ provided good reasons for giving Dr. Szymanski's opinions only "limited weight."  Defendant's Memorandum at 16-19 (citing AR at 22-25).

Each of Dr. Szymanski's two medical opinions consist of a single-page, handwritten letter.  AR at 444-45.  In its entirely, Dr. Szymanski's first opinion, dated September 18, 2017, states

> [Plaintiff] has a diagnosis of Schizophrenia and post traumatic stress disorder. Due to the severity of these conditions, he is unable to be engaged in substantial gainful employment.  His condition as of 9/18/2017 requires a periodic shot of medication (prolixin), or a strong medication like clozapine.  He has difficulty with daily severe paranoia and auditory hallucinations.

AR at 445.

Similarly, Dr. Szymanski's second opinion, dated April 9, 2018, states in its entirety

> [Plaintiff] is unable to engage in simple repetitive activity and unable to be employed for substantial gainful activity.  His diagnosis is Schizophrenia.  He suffers from psychosis presently (hallucinations, delusions).  He cannot remember simple instructions, persist in simple activities, concentrate on simple tasks, or work in even a low contact setting  This has been true for at least 4-5 years.

AR at 444.

Insofar as Dr. Szymanski writes that Plaintiff is unable to engage in substantial gainful activity, such statement is not a medical opinion but a conclusory opinion on a matter that is reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d)(2)&(3) and 416.927(d)(2)&(3) (providing issue of whether a claimant is disabled, even if provided in an opinion from a treating medical source, is specifically reserved to the Commissioner); *LaValley v. Colvin*, 672 Fed.Appx. 129, 130 (2d Cir. 2017) ("However, whether [the plaintiff] qualifies as 'disabled' under the statute is a decision reserved to the Commissioner." (citing 20 C.F.R. § 404.1527(d)(1)).  The ALJ also found Dr. Szymanski's opinions "limited weight" because they are not supported by other evidence in the record, including Plaintiff's activities of daily living which are reported in Dr. Szymanski's treatment notes as including riding a 4-wheeler in the woods, kayaking, quading (riding a four-wheel ATV), lawn mowing, building a mini bike, hanging out with friends, camping, occasionally working in his father's auto mechanic shop, and organizing activities.  AR at 24-25.  Because Plaintiff's documented activities were inconsistent with the disabling limitations as reported by Dr. Szymanski, the ALJ did not err by failing to give Dr. Szymanski's opinions controlling weight.  *See Abarzua v. Berryhill*, 754 Fed.Appx. 70, 71 (2d Cir. 2019) (ALJ did not err in observing the claimant's disabling limitations as reported by the claimant's treating physician were contradicted by the claimant's self-reported activities of daily living).  Significantly, Dr. Szymanski's opinion that Plaintiff is unable to engage in SGA is inconsistent with Plaintiff's own reported activities of daily living.  *See Rusin v. Berryhill*, 726 Fed.Appx. 837, 839 (2d Cir. 2018) ("The ALJ did not err in declining to afford [the plaintiff's treating psychiatrist] controlling weight because his opinion is inconsistent with his treatment

notes and diagnostic observations, the other medical opinion evidence, and [the plaintiff's] reported activities of daily living." (internal citations omitted)).

Furthermore, the "considerable weight" the ALJ gave to the consultative opinion of Dr. Ransom, AR at 25, as well as the "great weight" the ALJ gave to the consultative opinion of Dr. Fabiano, *id*., and to the opinion of state agency medical consultant Dr. Bruno, *id*., is supported by substantial evidence in the record.  In particular, despite finding Plaintiff's schizophrenia being controlled with medication and in remission, Dr. Ransom found Plaintiff had mild limitations in his ability to understand and remember complex instructions, carry out complex instructions, make judgments on complex work-related decision, interact appropriately with supervisors and co-workers.  AR at 432-33, 436.  Dr. Fabiano, despite diagnosing Plaintiff with schizoaffective disorder, opined Plaintiff had no limitations in his ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain a regular schedule, learn new tasks, perform complex tasks independently and make appropriate decisions.  AR at 379-80.  Like Drs. Ransom and Fabiano, Dr. Bruno noted Plaintiff's history of schizophrenia, yet found Plaintiff with only moderate limitations in his ability to appropriately interact with the general public, accept instructions and respond appropriately to criticism from supervisors and get along with co-workers or peers without distracting them or exhibiting behaviors extremes.  AR at 133, 135. Significantly, the consultative opinions and opinions of state agency review physicians may constitute substantial evidence so long as they are consistent with other evidence in the record. *See Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (consultative physician's report may constitute substantial evidence).  Further, the report of a

consultative psychologist also may constitute substantial evidence, *Petrie v. Astrue*, 412 Fed.Appx. 401, 405-06 (2d Cir. 2011), as may the opinions of state agency consultants because they are highly qualified experts in Social Security disability evaluations.  20 C.F.R. §§ 404.1513a(b)(1), 404.1527(c) and (e).  Based on these same criteria, the opinions of such non-examining sources can constitute substantial evidence in support of an ALJ's decision.  *Diaz v. Shalala*, 59 F.3d 307, 313 n. 5 (2d Cir. 1995).

To summarize, in the instant case, the evidence in the record establishes at most that it is susceptible to more than one rational interpretation, including the ALJ's Decision that Plaintiff is not disabled under the Act.  *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."); *Bonet ex rel. T.B.*, 523 Fed.Appx. at 58-59 (2d Cir. 2013) ("Under this 'very deferential standard of review [applicable to actions challenging an administrative decision on a disability benefits claim],' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).  Indeed, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Id.*, 523 Fed.Appx. at 59 (italics in original).

Accordingly, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence in the record.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion

(Dkt. 11) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.


/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        March 18th, 2021
              Buffalo, New York